IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE ROCK,

        Plaintiff,

vs.                                          CIVIL NO. 13-652 KBM/LFG

DON LEVINSKI, PHIL KASPER,
individually, and in their official
capacities; and BOARD OF
EDUCATION OF CENTRAL
CONSOLIDATE SCHOOL
DISTRICT,

        Defendants.

## ORDER GRANTING STAY OF DISCOVERY

THIS MATTER is before the Court on "Defendants' Opposed Motion to Stay Discovery Pending a Decision on Qualified Immunity" [Doc. 13]. The Court considered the Motion and Response [Doc. 22]. In the response [Doc. 22], Plaintiff refers the Court to her response to the Motion to Dismiss [Doc. 21].[1]

On September 18, 2013, Defendants filed a "Motion to Dismiss and For Qualified Immunity [Doc. 12]. In an effort to fulfill the two-pronged goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, specifically, to reduce the costs of litigation and expedite the ultimate disposition of the case, the Court immediately arranged for a telephonic conference with counsel to discuss the motion. [Doc. 15.]

---

[1] It is not clear why Plaintiff refers the Court to her response to the Motion to Dismiss, as the word "discovery" appears only once in the 18-page response. [Doc. 21, at 17.]

When the Court contacted the parties to discuss the Motion to Stay Discovery, Plaintiff vigorously objected to resolving the motion via a telephonic conference, insisting on filing a response. In deference to Plaintiff's objection, the Court did not act on the Motion to Stay Discovery, but authorized a formal response. While Plaintiff seeks to incorporate her response to the Motion to Dismiss in this response, the sum total of her argument to the Motion to Stay is as follows:

> Notwithstanding this District's almost automatic granting of such a motion [to stay], justice and the proper progress of this lawsuit would be disserved if such a facially deficient rote motion seeking qualified immunity is all that need be filed to stop the progress of this lawsuit.

[Doc. 22, at 1].

Qualified immunity not only protects governmental employees who perform discretionary functions from liability, but also protects them from the burdens of trial, including discovery. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (*citing* Siegert v. Gilley, 500 U.S. 226 (1991)).

Accordingly, when a motion based on qualified immunity is filed, the Court has little discretion.[2] It must stay discovery pending the court's consideration and disposition of the qualified immunity motion. To do otherwise would compel a defendant to give up the very benefit of the qualified immunity defense, that is, to compel the defendant to participate in pretrial discovery prior to a resolution of its potentially dispositive motion. The law is clear.

The United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) reminded courts of their affirmative obligation to stay all discovery until the qualified immunity motion is resolved. The Supreme Court noted that compelling parties to participate in discovery, including those defendants who cannot raise qualified immunity, forces the qualified immunity defendants to essentially give up the benefit the defense. They would be required to send representatives to participate in depositions to ensure that their individual positions are protected; the defendants would have to keep abreast of ongoing discovery and incur the costs and burdens attendant thereto.

Plaintiff did not distinguish Iqbal or Jiron, nor did she submit any legal authority in support of her position that a stay of discovery is a disservice. A government employee

---

[2]Motions based on qualified immunity typically are better brought under Rule 56 rather than at the Rule 12(b)(6) pleading stage. In Choate v. Lemming, 294 F. App'x 386, 390-91 (10th Cir. Sep. 22, 2008) (unpublished), the Tenth Circuit Court of Appeals reversed a finding of qualified immunity as to one defendant, explaining "[t]hat the procedural posture of the dismissal was under Rule 12 rather than Rule 56 is important because '[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion ... subjects the defendant to a more challenging standard of review than would apply on summary judgment.'" (citation omitted). See also Jacobs v. City of Chicago, 215 F.3d 758, 775 (7th Cir. 2000) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal [because] when defendants do assert immunity it is essential to consider facts in addition to those in the complaint.") (Easterbrook, J. concurring).

enjoys a special status in § 1983 litigation, and qualified immunity, by its very nature, entitles a § 1983 defendant to a stay from the burdens of trial and discovery until the trial court resolves the immunity motion.

The undersigned magistrate judge makes no determination as to the strength of the qualified immunity motion pending before the trial judge. However, the discovery process is a function of the magistrate judge. Here, the Court finds that Tenth Circuit and Supreme Court precedent mandate a stay of discovery, pending the trial judge's consideration and disposition of the qualified immunity motion.

IT IS THEREFORE ORDERED that Defendants' Opposed Motion to Stay Discovery [Doc. 13] is GRANTED, and all discovery is stayed until the trial court rules on the motion for qualified immunity.

*Lorenzo F. Garcia*_____
Lorenzo F. Garcia
United States Magistrate Judge