IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOYCE ROCK,

      Plaintiff,

v.                                          No. CIV-13-0652 KBM/CG

DON LEVINSKI, individually
and in his official capacity;
and BOARD OF EDUCATION OF
CENTRAL CONSOLIDATED SCHOOL DISTRICT,

      Defendants.

## D.N.M.LR-Civ. 7.8 NOTICE OF SUPPLEMENTAL AUTHORITY

The United States Supreme Court has just reaffirmed that:

Speech by citizens on matters of public concern lies at the heart of the First Amendment . . . This remains true when speech concerns information related to or learned through public employment. ...**The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties.**[1] (emphasis supplied).

Lane is antithetical to defendants' motion and reply arguments that [2] virtually anything Joyce said at the public meeting was unprotected speech. Lane holds that Garcetti does not make all speech on a subject upon which the public employee has knowledge because of her job unprotected.[3]

---

[1] Lane v. Franks, 573 U.S. ___ (2014) June 19, 2014, No. 13-433 slip opinion pages 6; 10.
[2] Defendants' Motion for Summary Judgment, page 13-16 "… speech related to tasks within an employee's uncontested work responsibilities (i.e. her portfolio)"; that speech may be unprotected because "… its content is closely related to the employee's job"; that Joyce's speech was her "professional opinion about the educational outcomes for CPHS students" a matter with her "portfolio" and therefore allegedly unprotected; and that "…virtually anything Plaintiff chose to say at the meeting would be pursuant to her official duties".
[3] Lane at 10.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

As in <u>Lane</u> where the petitioner did not speak "pursuant to" his ordinary job duties because his responsibilities did not include testifying in court proceedings, here Joyce spoke as a citizen because she was doing so at a public assembly called for the sole purpose of hearing from the public on the proposed closing. This was not a matter for which she had responsibility to speak, nor was the speech "commissioned" by her position with the District.  As defendants' first motion to dismiss admitted, all Joyce did was to give her personal opinion about the District's proposed "budgetary priorities.[4] Only under the broad reading of Garcetti rejected by Lane but argued in defendants' motion could such speech be unprotected.

For the reasons, facts and authorities stated, defendants' motion should be denied.

Respectfully submitted:

 /s/ Timothy L. White_____
Valdez and White Law Firm
Timothy L. White
P.O. Box 25646
Albuquerque, N.M. 87125
Phone: (505) 345-0289

---

[4] Defendants' Motion to Dismiss, page 23, docket no. 12, filed 9-18-13.

2

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

3

CERTIFICATE OF SERVICE

    This is to certify that this pleading was emailed on July 1, 2014 via the Courts' CM/ECF system to:

Elizabeth German
Jason Burnette
12836 Lomas Blvd NE  #G
Albuquerque, N.M. 87112
Phone: (505)292-9676


/s/ Timothy L. White

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com